R. L. Whitehead and Saye & Saye, all of Longview, for appellant.

Wynne & Wynne, of Longview, Ramey, Calhoun, Marsh, Brelsford & Sheehy, of Tyler, and Stinchcomb, Kenley & Sharp, of Longview, for appellees.

HALL, Chief Justice.

Appellant instituted this suit against appellees for damages, both actual and exemplary, resulting from alleged injuries suffered by him in an altercation with appellee Morgan, manager of appellee hotel company. Trial was to a jury upon special issues and judgment was by the trial court entered for appellees, based upon the jury's answers to special issues.

The single point presented for review is "the answers to the special issues are so irreconcilably conflicting that the court was not warranted in rendering judgment for either the plaintiff or the defendants." The jury found: (1) That appellee Morgan did not commit either an assault or battery upon appellant; (2) that the fight between appellant and appellee Morgan was provoked by Morgan and not by appellant; (3) that appellee Morgan struck or shoved appellant in his own self-defense; (4) that Morgan in striking appellant was not activated by malice; and (5) actual and exemplary damages were assessed at $1,000 and $50, respectively.

In situations of this character "it is the duty of the trial court to reconcile apparent conflicts in the jury's findings if this can be reasonably done in the light of

## GOSS v. LONGVIEW HILTON HOTEL CO. et al.

### No. 6129.

Court of Civil Appeals of Texas. Texarkana.

Nov. 3, 1944.

Rehearing Denied Nov. 16, 1944.

the facts, the pleadings in the case and the manner in which the issues were submitted." Shell Oil Co. v. Dennison, Judge, et al., Tex.Civ.App., 132 S.W.2d 609, 611, writ refused. And the test applied by the trial judge is "whether taking the finding alone in the one instance, a judgment should be entered in favor of plaintiff; and taking it alone in the other, judgment should be entered in favor of the defendant." Howard v. Howard, Tex.Civ.App., 102 S.W.2d 473, 475, writ refused. Undoubtedly, under some of the jury's findings a judgment could be entered for appellees. The question to be determined, then, is whether there are other jury findings which would support a verdict for appellant. We have concluded that there are no such findings in the record. The finding that appellee Morgan provoked the difficulty and that appellant did not provoke it, together with the assessment of actual and exemplary damages, are not such affirmative findings as would support a judgment for appellant. Neither is the finding that appellee Morgan provoked the difficulty tantamount to a finding that Morgan committed an assault upon appellant. The entire basis of appellant's cause of action is that Morgan wrongfully assaulted him, which resulted in damage to his person. The jury acquitted Morgan of assault and battery, and also found that he acted in self-defense. These affirmative specific findings in Morgan's favor, rendered the answers to the other issues immaterial.

As said in Howard v. Howard, supra:

"But issue No. 2 (self-defense), which submitted the element determinative of whether or not an assault and battery in violation of law had been committed, and the jury's answer thereto, was an express and specific finding against the appellant on that issue *which barred any recovery by him.* That being true, we think the trial court properly reconciled these apparently inconsistent findings of the jury, and rendered a proper judgment on the clear, definite, and unambiguous findings in answer to issue No. 2." (Italics ours.)

We have carefully examined the case of Faulkner v. Kleinman, Tex.Civ.App., 158 S.W.2d 891, writ refused, want of merit, and in our opinion the holding therein expressed is not determinative of the question here presented.

The judgment of the trial court is affirmed.