## LITTLE ROCK FURNITURE MANUFACTURING COMPANY
## v. R. L. DUNN.

No. A-2198. Decided June 29, 1949.
Rehearing overruled October 5, 1949.
(222 S. W. 2d Series, 985.)

198

*Leachman, Matthews & Gardere* and *Henry D. Akin,* all of Dallas, for petitioner.

It was error for the Court of Civil Appeals to hold that petitioner waived its right to a mistrial from the irreconcilable conflict between the finding of the jury that respondent failed to keep a proper lookout and the finding of the jury that such failure was not negligence, and that petitioner invited the error of the trial court in accepting the verdict with such conflict in it and rendering judgment thereon. Erwin v. Welborn, 207 S. W. (2d) 124; Niebuhr v. Behringer, 123 S. W. (2d) 733; Service Mutual Ins. Co. of Texas v. Moaning, 129 S. W. (2d) 341.

*J. Alex Blakeley* and *Harvey L. Davis,* both of Dallas, for respondent.

The Court of Civil Appeals correctly held that petitioner could waive any conflict or omission in the verdict with respect to the defensive group of issues because there was no irreconcilable or material conflict in the answer to said issues. Wichita

Falls & Okla. Ry. v. Pepper, 134 Texas 360, 135 S. W. (2d) 79; North v. Atlas Brick Co., 13 S. W. (2d) 59; Radford v. Automobile Underwriters, 299 S. W. 852.

MR. JUSTICE HART delivered the opinion of the Court.

The respondent by this suit seeks to recover damages for injuries he suffered when his automobile ran into the rear end of the petitioner's truck while the truck was stopped partially on the paved portion of a highway. Respondent recovered judgment in the District Court, which was affirmed by the Court of Civil Appeals. 218 S. W. (2d) 527. In this court the jury findings of negligence and proximate cause are not attacked. Petitioner here contends that the judgments below should be reversed and judgment should be rendered in its favor because as a matter of law the respondent was guilty of contributory negligence causing the collision. In the alternative, it asserts that the cause should be remanded for a new trial because of a conflict in the answers of the jury to special issues.

■ In our opinion, the evidence, when viewed most favorably to the respondent, as we must view it, Lang v. Henderson, 147 Texas 353, 215 S. W. (2d) 585, does not show as a matter of law that the respondent was guilty of contributory negligence. The collision occurred about 11:30 at night. The petitioner's tractor-trailer truck was stopped with all of its lights turned off, on the paved portion of the highway, the left side of the truck being about five feet from the right edge of the pavement. The testimony of one of the witnesses indicated that the petitioner's driver had put out and lighted only one flare, which was placed about sixty feet behind the truck on the right edge of the pavement. The truck had two reflectors, one on each corner. The pavement was black in color. The petitioner's truck was painted dark blue, but had a white stripe about a foot wide and white lettering on it. The respondent was driving his automobile in the same direction as the truck, on his right side of the road. In the direction in which respondent was driving the highway sloped downward to a point within about 100 feet of the point where the truck was stopped, and then sloped upward to that point. The respondent was travelling at about fifty miles per hour, with the headlights on his car burning. As he approached the truck, an automobile came toward him from the opposite direction, and had reached a point about even with the rear end of the truck when respondent's automobile struck it. Ahead of the truck, the lights of the town of Royce City were visible. Respondent suffered a head injury which caused a loss of memory as to what happened at the time of the collision. Marks on

the pavement showed that the tires on respondent's automobile slid about ten or fifteen feet before the automobile hit the truck. The front end of the automobile hit the left side of the rear end of the truck. The testimony showed that other automobiles, coming from the same direction, had passed safely around the truck before the collision, but petitioner's driver testified that shortly after the collision a car containing some colored people nearly ran into the back end of respondent's car.

From this evidence, we think there was some reasonable basis for the jury to conclude that the respondent was not guilty of contributory negligence. The color and location of the truck, the absence of lights on the truck, the lights of Royce City, and the headlights of the approaching car could reasonably be found to have made the truck very difficult to see. The one flare on the edge of the pavement might reasonably be taken to indicate road repairs or some obstruction on the side of the highway rather than the presence of a truck extending some five feet onto the pavement. The jury could reasonably have concluded that the respondent was driving with ordinary care but that he did not see the truck until it was too late to avoid it by turning or applying his brakes. We therefore agree with the lower courts that the petitioner's motions for judgment were properly overruled.

Petitioner urges that a mistrial should have been declared by the District Court because of a conflict in the jury's answers to special issues on the question of the respondent's failure to keep a proper lookout. These special issues and the jury's answers were as follows:

"Special Issue No. 15: Do you find from a preponderance of the evidence that at the time and place in question R. L. Dunn failed to keep a proper lookout for his own safety? If your answer is in the affirmative, let the form of your answer be 'He failed to keep a proper lookout'; otherwise, let your answer be 'No'.

"Answer: He failed to keep a proper lookout.

"If you have answered that Dunn 'failed to keep a proper lookout, then answer the following issue; otherwise, you need not answer it.

"Special Issue No. 16: Do you find from a preponderance of the evidence that Dunn's failure to keep a proper lookout, if you have so found, was negligence, as that term has been defined to you herein? Answer 'Yes' or 'No'.

"Answer: No.

"If you have answered the foregoing issue 'Yes', then answer

the following issue; otherwise, you need not answer it.

"Special Issue No. 17: Do you find from a preponderance of the evidence that such failure. of Dunn to keep a proper lookout, if you have so found, was a proximate cause of the collision? Answer 'Yes' or 'No'.

"Answer: _____"

In the preliminary instructions in the charge, the court defined "proper lookout" as follows: "You are instructed that the term 'proper lookout' means such a lookout as an ordinarily prudent person would have kept under the same or similar circumstances."

When the verdict of the jury was brought in, containing the answers set out above, the record shows that the following colloquy occurred between the court, Mr. Todd, the foreman of the jury, Mr. Akin, the attorney for petitioner, and Mr. Blakeley, the attorney for the respondent:

"Court: Gentlemen of the jury, have you reached a verdict?

"Todd: Yes, sir.

"Court: All right, gentlemen, I will read you the answers to the issues. (The Court then reads the answers to all issues.) Gentlemen, that completes the answers. I would like for the attorneys to look at them for a minute and see if there are any conflicts. (The attorneys examine the Charge for a short time.) Will the attorneys please come up here now? (The attorneys approach the Bench.)

"Court: Mr. Blakeley, do you find any conflicts in the jury's answers and verdict?

"Blakeley: No, sir.

"Court: Mr. Akin, do you find any conflicts in the jury's answers and verdict?

"Akin: No, sir.

"Court: Mr. Blakeley, according to the jury's answers, for whom should a verdict be rendered?

"Blakeley: For the plaintiff.

"Court: Mr. Akin, what do you think about it?

"Akin: I think the jury's answers will support a verdict for the plaintiff.

"Court: (To both attorneys.) Now, gentlemen, I am about ready to receive this verdict, and I want to know for sure before I receive it whether you think there are any conflicts.

"Blakeley: We do not see any.

"Akin: We do not see any.

"Court: All right, shall I receive the verdict?

"Blakeley: It is all right with us.

"Akin: It is all right.

"Court: (To the jury.) And at the last of it, gentlemen, is this: 'We, the jury, have answered the above and foregoing special issues as herein indicated, and herewith return same into court as our verdict.' Signed, 'O. J. Todd, Foreman.' Now, gentlemen of the jury, is that the verdict of each and every one of you?

"Jury: Yes.

"Court: That is the way you want the issues answered? Let's have a show of hands. (All jurymen raise their hands.) All right, gentlemen, the Court will receive the verdict in this case, and the jury is discharged."

■ Thereafter the petitioner filed a motion to declare a mistrial because of an irreconcilable conflict between the jury's answers to Special Issues Nos. 15 and 16, and the refusal of the court to grant this motion was raised in the motion for new trial, which was also overruled.

It is apparent that, considering the definition the court gave a "proper lookout," the effect of the jury's answer to Special Issue No. 15 was that the respondent was negligent. Gillette Motor Transport, Inc. v. Lucas, Tex. Civ. App., 138 S. W. (2d) 887, writ dismissed, judgment correct; Morton v. Jasper, Tex. Civ. App., 167 S. W. (2d) 541, writ refused, w. o. m.; Pope v. Jackson, Tex. Civ. App., 211 S. W. (2d) 958, affirmed without discussion of this point, Austin Road Co. v. Pope, 147 Texas 430, 216 S. W. (2d) 563; Erwin v. Wellborn, Tex. Civ. App., 207 S. W. (2d) 124, writ refused, n. r. e. This conclusion is unavoidable as a matter of law, although it seems probable that the jury was led to believe by the manner of the submission of the issues that Special Issue No. 15 did not include the question of negligence, since this question was separately and specifically submitted in Special Issue No. 16. Since "proper lookout" had previously been defined in the charge, Special Issue No. 16 could properly have been omitted, because "two submissions of the same issue are never required." See Commercial Standard Ins. Co. v. Shudde, Tex. Civ. App., 76 S. W. (2d) 561, 565 (reformed and affirmed by Supreme Court without opinion, on agreed motion of the parties). However, neither party objected to the submission of these issues, and the result was that the jury in answer to Special Issue No. 15 found in effect that the respondent was negligent but in answer to Special Issue No. 16 found the contrary.

A different situation would be presented if the court had not defined "proper lookout" in such a way that a finding of a

failure to keep a proper lookout is necessarily negligence. Cases of that kind are Dedear v. James, Tex. Civ. App., 184 S. W. (2d) 319, writ refused, w. o. m., and Commercial Standard Ins. Co. v. Shudde. supra. In such cases, we might be free to apply the recognized rule that "courts properly refuse to strike down answers on the ground of conflict, if there is any reasonable basis upon which they can be reconciled." See Casualty Underwriters v. Rhone, 134 Texas 50, 54, 132 S. W. (2d) 97, 99; Texas Indemnity Co. v. Staggs, 134 Texas 318, 327, 134 S. W. (2d) 1026, 1030; Ford v. Carpenter, 147 Texas 447, 216 S. W. (2d) 558, 562; State National Bank v. Woodfin, Tex. Civ. App., 146 S. W. (2d) 284, 287, writ refused; Lewis v. Texas Employers' Ins. Ass'n, Tex. Civ. App., 197 S. W. (2d) 187, 189, writ refused, n. r. e. In the present case, however, we cannot say that there is no conflict unless we ignore the definition which the court gave of "proper lookout." In determining whether a conflict exists, we must consider the entire charge and all of the verdict. On this basis, we are compelled to conclude that a conflict exists.

Respondent urges, however, that the conflict is not such as to require the granting of a new trial, because a finding of contributory negligence without a finding of proximate cause would not entitle the petitioner to judgment in its favor, and therefore the conflict is not fatal. In this connection, respondent also contends that the petitioner waived its right to an answer on the issue of proximate cause by agreeing to its conditional submission, and that under Rule 279, T. R. C. P., the issue of proximate cause must be treated as an omitted issue which is deemed to have been found by the court in such manner as to support the judgment.

■ The burden rested on the petitioner to establish the defense of contributory negligence and to obtain a jury finding thereon. LeMaster v. Fort Worth Transit Co., 138 Texas 512, 160 S. W. (2d) 224; Jordan v. Morten Investment Co., 127 Texas 37, 90 S. W. (2d) 241. An essential part of this defense was a finding of approximate causation. Koons v. Rook, Tex. Com. App., 295 S. W. 592; Wells Fargo & Co. v. Benjamin, 107 Texas 331, 179 S. W. 513; Dunn v. Texas Coca-Cola Bottling Co., Tex. Civ. App., 84 S. W. (2d) 545, writ dismissed. While a finding that the respondent was not negligent would be a complete negation of this defense, a finding that the respondent was negligent would not establish the defense without the further finding that the negligence was a proximate cause of the collision. This finding of proximate causation is missing in this case, because the

jury in compliance with the court's instruction did not answer Special Issue No. 17 after answering Special Issue No. 16 in the negative. This conditional submission was not objected to by the petitioner, and we agree with respondent that petitioner's failure so to object constituted a waiver of petitioner's right to have the special issue on proximate cause answered by the jury, in the event that Special Issue No. 16 was answered "No."

In the following cases it has been held that where the charge of the court instructs the jury to answer a special issue only conditionally, and the jury in compliance with the instruction fails to answer the issue, a party who did not object to the conditional sumission waives the right to have the issue answered and also necessarily waives the right to any benefits which he might receive from a favorable answer to such issue. Texas Employers' Ins. Ass'n v. Ray, Tex. Civ. App., 68 S. W. (2d) 290, writ refused; Spears Dairy v. Davis, Tex. Civ. App., 125 S. W. (2d) 382; International-Great Northern Ry. Co. v. Acker, Tex. Civ. App., 128 S. W. (2d) 506, writ dismissed, judgment correct; Bankers Standard Life Ins. Co. v. Atwood, Tex. Civ. App., 205 S. W. (2d) 74.

In the present case, the petitioner could have objected to the submission of Special Issue No. 16 (negligence) and could have insisted that it was entitled to have an answer to Special Issue No. 17 (proximate cause) upon the jury's finding, in response to Special Issue No. 15, that the respondent failed to keep a proper lookout. If the court had eliminated Special Issue No. 16 (negligence) and had made an answer to Special Issue No. 17 (proximate cause) dependent on an affirmative answer to Special Issue No. 15 (failure to keep a proper lookout), then an answer in favor of the petitioner on Special Issue No. 17 would have entitled petitioner to a judgment in its favor. Even if Special Issue No. 16 had been left in the charge, but the jury had been told to answer Special Issue No. 17 in the event that it answered Special Issue No. 15 to the effect that the respondent failed to keep a proper lookout, then an affirmative answer of the jury to Special Issue No. 17 (assuming the answers to Special Issues Nos. 15 and 16 to be as in the verdict actually returned) would have resulted in a fatal conflict which would have prevented the proper entry of a judgment against petitioner. In either event, before the petitioner would be entitled to either a judgment in its favor or a new trial on the ground of fatal conflict, the burden rested on it to obtain jury findings in its favor on every essential element of its defense or to object and save its exceptions to the refusal of the court to submit

the case to the jury in such a way that it would be entitled to such findings.

In some of the cases we have cited above, a favorable answer to the conditionally submitted issue would have led to judgment in favor of the complaining party. This was true in the case of Bankers Standard Life Ins. Co. v. Atwood, Tex. Civ. App., 205 S. W. (2d) 74, 77, in which the court said:

"As above shown one of the essential elements of fraud is the intent to deceive, and that in order to avoid a policy on the ground of misrepresentation of a material fact, *it is incumbent upon the insurer to show (and obtain a jury finding thereon)*, not only that the statement was false, known to be false, material to the risk, and relied upon by the insurer, but that it was 'made wilfully and with the intention of inducing the insurer to issue him the policy.' Clark v. National, etc., Ins. Co., supra (145 Texas 575, 200 S. W. (2d) 820). There was no objection to the court's charge as submitted, and the issue of intent to deceive (No. 10) was submitted conditionally only upon an affirmative answer to No. 9. In not answering issue No. 10 the jury literally followed the court's instruction not to do so in case of a negative answer to No. 9. Manifestly *the Company acquiesced in this conditional submission of No. 10, and waived a jury finding thereon upon the jury's affirmative answer to No. 9. Under the express provisions of Rule 279, Texas Rules of Civil Procedure, this issue is 'deemed as found by the court in such manner as to support the judgment.'*" (Emphasis added.)

In Texas Employers' Ins. Ass'n v. Ray, Tex. Civ. App., 68 S. W. (2d) 290, 295, writ refused, in which a favorable answer to the conditionally submitted issue would have led to a conflict which would have necessitated a new trial, the court said:

"Appellant is in no position to complain of the absence of any finding by the jury on the requested issue as to whether or not plaintiff's injury only partially disabled him to work, in the absence of any exception to the court's instruction not to answer that issue if in answer to other issues they had already found that his injury wholly and permanently disabled him to work."

We believe that the cited cases correctly hold that it is incumbent on a party asserting an affirmative defense to see that the jury answers all essential elements of the defense in his favor, or to object to the submission of the case to the jury in

such manner that an answer on an essential element will be prevented. Petitioner could have insisted that if the jury found that the respondent failed to keep a proper lookout, then they should answer the issue as to whether such failure was a proximate cause of the collision. Petitioner did not so insist. It therefore follows, under the cases cited and under Rule 279, that petitioner waived its right to a jury answer on the unanswered issue on proximate cause and that this issue must be taken as having been answered by the court in such manner as to support the judgment.

■ Since the essential element of proximate causation is lacking in the verdict, the conflict in the answers to Special Issues Nos. 15 and 16 is not fatal. To require a judgment entered on a verdict containing conflicting answers to be set aside, the conflict between the answers must be such that one answer would establish a cause of action or defense, while the other would destroy it. In Pearson v. Doherty, 143 Texas 64, 70, 183 S. W. (2d) 453, 456, the court quotes with approval as the test in cases of this kind from the opinion in Howard v. Howard, Tex. Civ. App., 102 S. W. (2d) 473, 475, writ refused, as follows: "The test in such (a) case is, whether taking the finding alone in the one instance, a judgment should be entered in favor of the plaintiff; and taking it alone in the other, judgment should be entered in favor of the defendant." This statement was also quoted with approval in Fort Worth & D. C. Ry. Co. v. Welch, Tex. Civ. App., 154 S. W. (2d) 896, 898, and Goss v. Longview Hilton Hotel Co., Tex. Civ. App., 183 S. W. (2d) 998, 999.

■ To apply this test, the court must consider each of the answers claimed to be in conflict, disregarding the alleged conflicting answer but taking into consideration all of the rest of the verdict, and if, so considered, one of the answers would require a judgment in favor of the plaintiff and the other would require a judgment in favor of the defendant, then the answers are fatally in conflict. It is essential that the party seeking to set aside a verdict on the ground of conflict must be able to point out that one of the conflicting answers of the jury, in connection with the rest of the verdict except the issue with which it conflicts, necessarily requires the entry of a judgment different from that which the court has entered. The petitioner cannot meet this test because the jury has not made a finding in its favor on proximate causation. Petitioner is not in a position to complain of this failure because it did not object to the conditional submission of this issue or insist that it be answered.

We therefore hold that the verdict does not disclose a fatal conflict.

■ We do not hold, however, that in a case of a fatal conflict in answers the parties can waive the conflict. The law seems to be established that such a conflict cannot be waived by the parties and that a judgment on a verdict containing such a conflict must be set aside. Radford v. Automobile Underwriters, Tex. Com. App., 299 S. W. 852; Interstate Trust & Banking Co. v. West Texas Utilities Co., Tex. Civ. App., 88 S. W. (2d) 1110; Kilgore v. Howe, Tex. Civ. App., 204 S. W. (2d) 1005; Marshall v. Hall, Tex. Civ. App., 151 S. W. (2d) 919, writ dismissed.

The judgments of the District Court and the Court of Civil Appeals are affirmed.

Opinion delivered June 29, 1949.

Rehearing overruled October 5, 1949.