O. L. NELMS, Appellant,

v.

Sam COX et al., Appellees.

No. 3449.

Court of Civil Appeals of Texas.

Eastland.

Sept. 18, 1959.

Rehearing Denied Oct. 16, 1959.

Brundidge, Fountain, Elliott & Bateman, Dallas, for appellant.

Daugherty, Bruner & Kelsoe, Dallas, for appellees.

WALTER, Justice.

Our opinion in the above entitled and numbered cause rendered July 17, 1959, is withdrawn and this opinion is rendered in lieu thereof.

Sam Cox, Ben F. Trull, Emma Lou Stark and E. A. Stark sued O. L. Nelms for cancellation of a lease on a building and also to recover $2,800 paid when the lease was executed, alleging mutual mistake, misrepresentation and breach of contract. Based on the verdict and the undisputed facts, judgment was entered for the plaintiffs.

The defendant has appealed from such judgment asserting (1) the court erred in finding the effective date of the lease was February 8, 1957, since the jury's findings gave the lessees a right of possession on January 20, 1957, (2) the court erred in rendering judgment because of irreconcilable conflicts in special issues numbers 4 and 5. Special issue number 4 inquired if the defendant Nelms ratified the lease agreement dated February 4, 1957, to which the jury answered "yes", and special issue number 5 inquired of the jury if the lessees had the right of possession on or about January 20, 1957, to which the jury answered "yes". (3) The court erred in entering judgment because of irreconcilable conflicts in answer to special issues numbers 5 and 1. Special issue number 1 inquired of the jury if the parties made a mutual mistake as to the date the lease was to begin, to which the jury answered "no". (4) The court erred in finding the plaintiffs were entitled to recover rents because there was no obligation to warrant the premises could be used for the purpose they were leased, and (5) in holding that ordinance No. 7230 of the City of Dallas was valid.

Nelms leased the premises to Sam Cox by written lease dated February 4, 1957,

 

to become effective February 8, 1957, said lease was thereafter assigned by Cox to Emma Lou Stark and Ben F. Trull. Nelms approved the assignment of the lease. The lease provided that the premises were "to be operated as a dance hall and beer tavern and not otherwise".

It is necessary for the appellant to point out that one of the alleged conflicting answers, in connection with the rest of the verdict except the one with which it conflicts, would require the entry of a judgment different from the one in favor of the appellees before we could hold there was a fatal conflict. Before there would be a fatal conflict, the answers to special issues 4 and 5 and 5 and 1 must be such that appellant would be entitled to a judgment on one of the answers while the answer to the issue it is alleged to be in conflict with would entitle the appellee to a judgment. We find no such conflict in these answers. Little Rock Furniture Manufacturing Co. v. Dunn, 148 Tex. 197, 222 S.W.2d 985.

Prior to the execution of said lease, the City of Dallas enacted ordinance No. 7230 prohibiting the use of the leased premises as a dance hall. This ordinance was enacted on February 4, 1957. With reference to the appellees' pleading of mutual mistake as a ground for recovery, the evidence from the appellant Nelms reveals that when he leased the premises he thought it could be used as a beer tavern and dance hall. Nelms further testified that he thought it was legal to use the premises for such purposes on February 4, 1957. When the appellee Jennings was asked if he believed the statements Nelms made to him that the leased premises could be used for a beer tavern and dance hall, he answered that he did. There is no evidence to the contrary and appellees' cause of action was established as a matter of law.

We hold that the city ordinance was valid. Young v. City of Abilene, Tex. Civ.App., 195 S.W.2d 838 (Ref. NRE).

We have considered all of appellant's points and find no merit in them and they are accordingly overruled. The judgment of the trial court is affirmed.