**MISSOURI PACIFIC RAILROAD COMPANY, Appellant,**

v.

**Thomas E. RANDALL, Appellee.**

**No. 3875.**

Court of Civil Appeals of Texas.

Waco.

June 1, 1961.

Rehearing Denied June 22, 1961.

Arterbury, Hoover & Graham, Houston, for appellant.

Hill, Brown, Kronzer & Abraham, Houston, for appellee.

WILSON, Justice.

Jury findings in this F. E. L. A. case to the effect that appellant's failure to furnish appellee a safe place to work, failure to sound a locomotive whistle and bell, or to have a headlight in operation constituted

negligence and proximate cause of appellee's damages, are assailed on the grounds there is insufficient evidence, or none supporting them.

The accident occurred at night in appellant's yard, where appellee was employed as a car inspector. He was instructed to inspect a train entering the yard on track 15, and in so doing took a position between tracks 13 and 14. While he was engaged in inspecting the incoming train he was struck by a Diesel locomotive traveling on track 13, to which his back was turned. The distance between adjacent rails of tracks 13 and 14 was 9 feet, 11 inches; the locomotive extended 2 feet, 7 inches beyond the rail, leaving a total of 7 feet, 4 inches of clear working space; or slightly over 3 feet (one witness testified two feet) of clearance for one standing equidistant from the rails of the two sets of tracks. Although the running lights of the diesel were burning, it is undisputed the headlight was not; and although there is evidence from which appellant plausibly argues headlight and bell might have blinded or confused, there is evidence from the engineer that "you're supposed to use those headlights". The bell was not sounded, and there is evidence that inspectors relied on this warning, and that it was usually given. We have carefully examined the evidence, and overrule these points.

■ Although appellant asks reversal because there is no evidence to support the jury's finding to the effect appellee did not fail to station himself in a safe position at the time he commenced the inspection, its argument under the point establishes, and it concedes, the finding is supported. It argues, however, that there is no evidence to support a further finding to the effect he did not fail to "maintain his position of safety". With this contention, under literal construction of the finding, we must agree. It is undisputed appellee did not "maintain" his original position; otherwise the accident could not have occurred. This premise does not require reversal, however, because the issue was not pleaded. The court would

have been justified in refusing appellant's request to submit an issue as to whether appellee's failure to maintain a position of safety was negligence. Matthews v. General Acc. Fire & Life Assur. Corp., Tex. Sup., 343 S.W.2d 251, 254. Submitted only on the condition of a finding that appellee "failed to maintain his position of safety," issues were submitted as to whether such failure constituted negligence and a proximate cause. Appellant pleaded only that appellee's moving into the path of the approaching locomotive was negligence and a proximate cause. Although it objected to the issue as to failure to maintain a safe position on the ground there was no evidence to support a negative finding, and although the issue was obviously undisputed under the interpretation here relied on, appellant did not object to the conditional submission of the negligence and proximate cause issues. If appellant was entitled to submission of any issues in this connection, they were whether the undisputed failure to maintain a safe position constituted negligence and a proximate cause.

Although the question is of some doubt, we think that by acquiescing in conditional submission of these issues in the state of the record, appellant is within the rule that "where the charge of the court instructs the jury to answer a special issue only conditionally, and the jury in compliance with the instruction fails to answer the issue, a party who did not object to the conditional submission waives the right to have the issue answered and also necessarily waives the right to any benefits which he might receive from a favorable answer to such issue". Little Rock Furniture Mfg. Co. v. Dunn, 148 Tex. 197, 222 S.W.2d 985, 990. Whether this rule be so applicable or not, we think reversible error is not shown.

■ It is said the $50,000 damage award is excessive. Appellee's age was 29. He was without training for special skills; his earnings had exceeded $500 per month; there was evidence of severe pain in head, back and leg after a ten day hospitalization. There was evidence from which the jury

could determine there was a spinal injury, including a compression fracture, brain concussion, nerve damage and residual pain resulting from the accident. His condition was described as permanent, a result of a "major injury", and as making him "about half the man he was before." There was evidence his disability was about 30 per cent. Appellant's medical witness conceded injury and disability, but minimized the resulting condition. We are unable to say the verdict was excessive. Other points have been considered and are overruled.

Affirmed.