Frank B. BROOKS, Appellant,

v.

George M. MORELAND et al., Appellees.

No. 11408.

Court of Civil Appeals of Texas.

Austin.

June 22, 1966.

Kuykendall & Kuykendall, F. L. Kuykendall, Austin, for appellant.

Baker & Watkins, Thomas H. Watkins, Austin, for appellees.

HUGHES, Justice.

This suit arises from the collision of two automobiles near Bergstrom Field in Travis County on September 12, 1963. One car was owned by appellee, George M. Moreland and was at the time of the collision being operated by his daughter, Mrs. Shirley Von Gonten. The other car was owned and being driven by appellant, Frank B. Brooks.

Moreland sued Brooks who filed a cross action against Mrs. Von Gonten and her husband, Jimmy Von Gonten and Mr. Moreland. Trial was to a jury upon whose verdict, the court rendered a take nothing judgment as to all parties. Mr. Brooks only has appealed.

Appellant has three points of error, all no evidence points, and they are jointly briefed. These points are that there was no evidence to support affirmative answers of the jury to special issues inquiring wheth-

er appellant on the occasion in suit failed to keep such a lookout as would have been kept by an ordinarily prudent person in the exercise of ordinary care under the same or similar circumstances, and whether such failure was a proximate cause of the collision; hence, the court erred in not granting his motion for judgment despite the verdict.

In determining these points, we will consider only the evidence favorable to appellees. We quote the narrative testimony of Mrs. Von Gonten:

"She was the driver of the 1963 Pontiac involved in the collision with a 1958 Ford driven by Frank Brooks on the night of September 12, 1963, on Highway 71 in front of Bergstrom Air Force Base. She and her aunt and her younger brother and sister had left the home of her parents to go and pick up another of her brothers who was at a high school football game nearby. The football game was not over and they had gone to the Jet Drive-In to get a malted milk. * * * Mrs. Von Gonten drove the Pontiac out of the Jet Drive-In, which is located on the north side of Highway 71 in front of Bergstrom Air Force Base, and drove on to Highway 71 and turned right, that is to the west. As she drove on to the highway she drove across the northern traffic lane for westbound traffic and into the southern or inside traffic lane for westbound traffic next to the safety island and proceeded to the end of said island intending to make a U-turn around such island and to proceed east on Highway 71. That at the end of such island she stopped her car and sat there for approximately 60 seconds waiting for the eastbound traffic to clear so that she could make a U-turn. While sitting there she saw in her rear view mirror Mr. Brooks' car as it approached from the east in the inside traffic lane. That she immediately said, 'My God, he's going to hit us!' And about the time she finished making this remark her car was struck in the rear by the car driven by Mr. Brooks.

That after such collision her car was knocked down the highway and turned around so that it was facing east.

On cross-examination she testified that she did not know whether her car was parked parallel with the safety island or not; that her car might have been stopped at an angle to the island; that usually people intending to make a U-turn to the left swung out to the right before commencing such turn; and that she might have swung out to the right before attempting to make her left hand turn, that she did not remember whether she did so or not.

Mrs. Von Gonten also testified that, although she was not sure, her best recollection was that her left turn signal light was on when she changed lanes."

We also quote from the narrative testimony of appellee, George Moreland:

"Someone called his house and told him that Shirley had had an accident. He came to the scene of the accident immediately and found the cars located approximately as Mr. James and Mrs. Von Gonten had testified that they were located. The left hand blinker on the Pontiac was on and flashing when he got to the scene of the accident."

■ We hold that this testimony is some evidence of probative force to sustain the jury answers to the above issues.

There are answers of the jury to other issues submitted to it which negate some of the matters testified to by Mr. Moreland and his daughter and which were material to the issues of improper lookout and its proximate cause. For instance, the jury found that Mrs. Von Gonten failed to keep a proper lookout, drove from the inside lane to the outside lane immediately prior to the collision, re-entered the inside lane without ascertaining that she could do so with safety, did not give a timely signal of her intention to stop the car and did not give a proper signal that she intended to turn

left and that these findings were all negligent and each a proximate cause of the collision.

Notwithstanding the above conclusions it seems to us that there is a fatal conflict in the findings of the jury. It is our opinion that the findings of failure to keep a proper lookout and its proximate cause of the collision on the part of appellant are in conflict with the specific findings against Mrs. Von Gonten of acts of negligence each of which was found to be a proximate cause of the collision. These findings negate the only grounds upon which the jury could have found that appellant failed to keep a proper lookout.

The collision occurred on the inside lane. If, as the jury found, Mrs. Von Gonten turned from the inside lane to the outside lane and back to the inside lane "immediately" before the collision and without ascertaining that she could do so with safety and without giving timely signals, then the jury could not have believed that she stopped to turn 60 seconds before the collision and saw appellant approaching from the rear realizing that she was about to be hit, as she testified. Yet the jury made its finding of improper lookout by appellant based on this testimony, which was sufficient to support its answer.

 All of the answers of a jury, if supported by the evidence, are of equal dignity and must be respected until set aside. All of the answers of the jury, above indicated, are supported by evidence and have not been set aside. However, they cannot, in our opinion, all be true.

If we discard the answers finding appellant failed to keep a proper lookout and its proximate cause, judgment would have been for him since this was the only act of negligence which he was found to have committed and Mrs. Von Gonten was found guilty of numerous acts of negligence which were proximate causes of the collision. If these findings against appellant are considered, judgment, of course, must, as the trial court held, go against him.

We believe there is a conflict of issues here within the rule of Little Rock Furniture Mfg. Co. v. Dunn, 148 Tex. 197, 222 S.W.2d 985, which is also authority for holding that this question is one of fundamental error which we must consider even though not raised.

It is our opinion that the trial court had no authority to render judgment on the verdict of the jury for or against appellant. We, therefore, reverse and remand this case for trial. Costs of appeal are assessed one half against appellant and one half against appellees.

Reversed and remanded.