Lavada **KENNBREW**, Appellant,

v.

**O. M. LEVIAS, Jr., et al.,** Appellees.

No. 6844.

Court of Civil Appeals of Texas.
Beaumont.

Sept. 8, 1966.

Rehearing Denied Oct. 5, 1966.

Barber & Seale, Jasper, for appellant.

Keith, Mehaffy & Weber, Beaumont, for appellees.

STEPHENSON, Justice.

This is an action for damages arising out of an automobile-truck collision. Judgment was rendered that plaintiff take nothing based upon the answers of the jury to special issues submitted to them. Plaintiff was the driver of the automobile. Defendant Couch was the driver of the truck and was employed by defendant Levias, who was the owner of the truck. The parties will be referred to here as they were in the trial court.

The pleadings and evidence showed that both the automobile and the truck were being driven in a southerly direction on Highway 96 in Kirbyville, Texas, at the time of the collision. It is undisputed that the automobile was struck from the rear by the truck.

The jury reported to the court that it was hopelessly deadlocked, but that it had answered some of the special issues. The jury found: That defendant Couch was not driving at an excessive rate of speed. That defendant Couch failed to keep a proper lookout which was a proximate cause of the collision. That plaintiff failed to give a signal of her intention to stop her car which was negligence and a proximate cause of the collision. That plaintiff failed to give a signal of her intention to turn left which was negligence but not a proximate cause of the collision. That plaintiff stopped suddenly in defendant's path but that such act was not negligence. That plaintiff failed to keep a proper lookout but such failure was not a proximate cause of the collision. That defendant Couch was not confronted with a sudden emergency. That the collision was not the result of an unavoidable accident. That plaintiff did sustain personal injuries.

■ Plaintiff's first point is that there was an irreconcilable conflict in the findings of the jury that plaintiff's negligence in failing to give a signal of her intention to stop was a proximate cause of the collision with the findings of the jury that plaintiff's negligence in failing to give a signal of her intention to turn left was not a proximate cause of the collision.

The evidence is conflicting as to whether plaintiff gave any signal. Plaintiff testified that she signaled a left turn by using the directional signal, or "blinkers" as plaintiff described them. Defendant Couch testified that plaintiff gave no signal. Plaintiff admitted that she did not hold out her hand to indicate she was stopping and did not give any hand signal. Plaintiff testified she had stopped waiting to make a left turn for a sufficient length of time for three cars to pass her coming from the opposite direction, before the collision. Defendant Couch testified he was following plaintiff's car at about a car's length distance and was driving about 20 miles per hour when plaintiff suddenly stopped her car in front of him causing the truck to skid into the car. Plaintiff further testified that she did not see the truck before it hit her car.

■ We have been cited no cases directly in point. Apparently it has not been contended before that there was a conflict in two findings as to proximate cause of separate contributory negligence issues. Plaintiff argues that each of these issues involved the giving of a signal, and that the jury could not properly find the negligent failure to give a signal of an intention to stop was a proximate cause, and that the negligent failure to give a signal of an intention to turn left was not a proximate cause. We do not follow this reasoning nor conclusion. The two acts of negligence are not so closely related as to be in conflict even though both involve the giving of a signal. The jury may have concluded that the plaintiff gave no signal, and that even though plaintiff was negligent in not giving a signal of an intention to turn left that such failure was not a proximate cause of the collision. The jury may have also concluded that even though plaintiff was negligent in not giving such signal of an intention to turn left that if plaintiff had

proceeded to turn left without stopping the accident would not have occurred. We are required to reconcile issues if there is any reasonable basis. Little Rock Furniture Mfg. Co. v. Dunn, 148 Tex. 197, 222 S.W. 2d 985.

■ Plaintiff's second point is that there was an irreconcilable conflict in the answers of the jury that plaintiff's failure to give a signal of an intention to stop was negligence and that plaintiff's stopping suddenly in the path of defendant's truck was not negligence. Applying the same reasoning to this point as set forth above, the jury may have concluded that even though a person of ordinary prudence under the same or similar circumstances would have stopped the car suddenly, at the same time such person would have given a signal of the intention to stop. A person could give a signal of an intention to stop for a long distance and still make a sudden stop. We find no fatal conflict in these issues.

Plaintiff next contends the trial court should have granted a motion for new trial on the ground that one juror concealed his prejudice on the voir dire examination. Attorney for plaintiff asked the jury panel as a whole if any juror had a feeling against a plaintiff in a lawsuit so that they could not be fair and impartial, and received no reply. Plaintiff's attorney asked the juror Ratcliff if he knew of any reason why he couldn't be fair and impartial to both sides and the juror replied, "No sir." On the hearing of the motion for new trial the foreman of the jury, Claud Graves, testified as follows:

"Q Mr. Graves, when you went into the jury room, did Mr. Ratcliff express his opinion about how he felt about this case?

A Will you * * * You mean during * * *

Q No, I mean when you went into the jury room.

A I wouldn't know just how quick, we hadn't been in there too long and he said that he'd love to have his say about it, said as far as he was concerned he was tired of these people coming up there and jumping up and suing people and trying to get a lot of money out of it and said as far as he was concerned anything we wanted to give * * * I believe he said if we gave her $500.00 that would be $200.00 too much—in the way he put it."

The juror Ratcliff was called as a witness on the motion for new trial, and testified that he did not recall making any such statement.

■ No findings of fact nor conclusions of law were requested or made. The trial court by overruling the motion for new trial impliedly found that the prejudice did not exist and that the juror was not disqualified. Swap Shop v. Fortune, (Tex.) 365 S.W.2d 151. In view of this implied finding we must consider the evidence in the light most favorable to upholding that ruling. Compton v. Henrie, (Tex.) 364 S.W.2d 179. The evidence shown in the Henrie Case was much stronger than that in the present case, and the trial court in the Henrie Case found the juror not to be disqualified. We hold, as it was held in the Henrie Case, that even if the prejudice is presumed to have been established as a matter of law, that the statement attributed to the juror Ratcliff did not indicate prejudgment nor lead to the inference that he did not act with impartiality. An examination of the entire record demonstrates the juror Ratcliff did act in good faith and with impartiality. The point is overruled.

■ By supplemental brief, plaintiff raised two evidentiary points. It is contended that there was no evidence to support the finding by the jury that plaintiff's negligence in failing to give a signal of her intention to stop was a proximate cause of the collision, and that such finding was against the weight and preponderance of

the evidence. Plaintiff's argument is that defendant Couch admitted that he was driving so close behind plaintiff's car that even if he had been going slower he could not have avoided hitting the car. From this, it is deduced that the brake lights on plaintiff's car not coming on could not have been a proximate cause of the collision. The statement is made in plaintiff's supplemental brief that since it is undisputed that plaintiff did not give a hand signal of her intention to stop that the only question was whether the brake lights on her car had come on. We do not agree with this reasoning and consider the absence of a hand signal to be material to this issue. Viewing the evidence in its most favorable light as supporting the finding of the jury in passing upon the "no evidence" point, such evidence supported a finding by the jury that plaintiff's negligent failure to give a signal of her intention to stop was a proximate cause.

In reviewing the entire record, we do not find that the jury's answer to this issue was clearly wrong or unjust. Both points are overruled.

Affirmed.