Verna **RHOADES**, Plaintiff-Appellant,

v.

Gerald **BOREN**, Defendant-Appellee,

**Oklahoma Farmers Union, Intervenor-Plaintiff.**

Winfrey **RHOADES**, Plaintiff-Appellant,

v.

Gerald **BOREN**, Defendant-Appellee.

No. 73-2098

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Oct. 18, 1973.

---

* Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

Don Manners, Jim Grennan, W. R. Cathcart, Oklahoma City, Okl., for Rhoades.

D. Lyman Stubblefield, Amarillo, Tex., for Oklahoma Farmers Union.

Robert N. Carnahan, Amarillo, Tex., for defendant-appellee.

Before JOHN R. BROWN, Chief Judge, and DYER and SIMPSON, Circuit Judges.

SIMPSON, Circuit Judge:

Mrs. Verna Rhoades appeals from a judgment for defendant Gerald Boren in a personal injury action stemming from an accident between cars driven by Boren and Mrs. Rhoades' husband, Winfrey Rhoades.

As a result of this accident Mrs. Rhoades suffered a cerebral concussion, fractured ribs, abrasions and contusions, a lacerated finger, and was in a state of semi-shock when admitted to a hospital following the accident. Evidence, both lay and medical, was uncontroverted as to Mrs. Rhoades' pain, suffering, and permanent disability resulting from the injuries so sustained. In response to special issues on the matter, the jury assessed her medical expenses at $1,913.25, but found "zero" damages for pain, suffering, and permanent disability.

On the issues of negligence and contributory negligence, the jury found, in response to special issues, that Mr. Rhoades was in fact contributorily negligent, but did not answer questions as to negligence and proximate cause respecting the defendant Boren's liability because they were unable to reach a unanimous verdict. Texas, the forum state, is a community property jurisdiction and under its common law negligence by one spouse is directly imputable to the other. However, the Texas legislature has modified that doctrine to the extent that a spouse is now entitled to recover for personal injuries sustained during marriage as separate property, excepting recovery for lost earning capacity. Vernon's Texas Codes Annotated; Family Code, Sec. 5.01(a)(3).

The trial court was cognizant of the Texas statute, but held it to be inapplicable to the case before it. The court reasoned that since only medical expenses were included as damages by the jury, and such expenses being a part of the earning capacity exception, any recovery by Mrs. Rhoades was precluded by her husband's imputed negligence. Thus it concluded that *even if* the jury had found Boren to be negligent, there could be no recovery for the plaintiff. Judgment for the defendant was then entered despite lack of any finding as to negligence by Boren. Mrs. Rhoades appeals on the ground that the jury's finding of no damages whatsoever for pain and suffering was against the great weight of the evidence and that such damages were recoverable by her

as separate property under Sec. 5.01(a)(3), supra.

■ Appellant relies largely on Franco v. Graham, Tex.Civ.App.1971, 470 S.W.2d 429, aff'd, Tex.Sup.Ct., 488 S.W.2d 390. *Franco* deals with an almost identical fact pattern: husband and wife together in an auto accident, husband-driver found contributorily negligent, wife sustaining extensive physical injury ($2,212.93 in medical expenses), and a jury finding of no damages for pain and suffering. The appellate court held that such a jury finding was indeed against the great weight of the evidence and reversed for a determination of damages for pain and suffering. The Texas Supreme Court agreed, emphasizing that uncontroverted evidence of substantial pain and disability, supported by medical testimony as to the nature and extent of injury, required that the jury find some damages for pain and suffering. It was argued there and is suggested here by appellee Boren that damages are within the sole province of a jury, and therefore a finding that none exist in a given case should not be disturbed on appeal. That proposition fails to distinguish, though, between the jury's discretion as to the *amount* of damages on the one hand, and a lack of discretion as to the very *existence* of damages on the other hand. We find *Franco* controlling in every respect and therefore remand for submission of this to a new jury.

■ Appellee Boren also contends that Mrs. Rhoades waived her right to question the jury's finding on damages by not taking affirmative action when the jury failed to resolve the question of his negligence at the trial. The point is without merit. The only support cited for such a theory is Little Rock Furniture Manufacturing Company v. Dunn, 1949, 148 Tex. 197, 222 S.W.2d 985. Appellee's reliance upon that case is entirely misplaced, however, because it held that failure to object to a jury's lack of conclusion on the issue of negligence precludes a party from appealing for a new trial *on the ground* of a fatal conflict in the evidence. Appellant herein argues that the verdict was against the great weight of the evidence, which claim we have already discussed at length.

More importantly, though, it is clear that the issues as to Boren's negligence and proximate cause will also have to be resubmitted to a new jury, because Mrs. Rhoades cannot recover any damages of whatever kind until his negligence is established as proximately contributing to causing her injuries.

Reversed and remanded.