E. L. BAKER, Jr. and Alan
Turken, Appellants,

v.

Alan TURKEN and E. L. Baker,
Jr., Appellees.

No. 18606.

Court of Appeals of Texas,
Fort Worth.

Feb. 25, 1982.

Rehearing Denied April 8, 1982.

Lane, Ray & Getchell and Henry Getchell, Fort Worth, for appellants.

Mullinax, Wells, Baab & Cloutman, P.C., and Roger E. Albright, Dallas, for appellees.

Before MASSEY, C.J., and JORDAN and HOLMAN, JJ.

OPINION

MASSEY, Chief Justice.

We affirm judgment of the trial court, rendered upon a jury verdict and on the findings by the court under Tex.R.Civ.P. 279, "Submission of Issues". The judgment was one which denied each of the parties any relief against the other.

Alan J. Turken, defendant below, by counter-claim before the trial court, declared upon a cause of action for damages flowing from negligent tort resulting in the injury to his mare. E.L. Baker, Jr., plaintiff below, had filed suit for damages resultant from breach of contract by Turken for failure to present to Baker for breeding purposes another of his mares, Jackpot Seeker.

Trial was to a jury. By answers returned to plaintiff Baker's special issues, it was found:

1. It was Baker's intention that his contract with Turken provide that he would receive the first foal and Turken the second foal from each of the mares, Juno's Reward and Jackpot

Seeker, though the birth of the second foal from each of said mares might be after December 31, 1977.

2. That Turken knew such was Baker's intention when he began performance by delivering the two mares to Baker.

3. Turken did *not* begin such performance without voicing protest or objection to Baker that the performance of the contract might extend beyond December 31, 1977.

4. There was no finding on the special issue inquiring about the amount of money which would compensate Baker for the damages, if any, sustained by reason of Turken's failure to perform. As submitted the jury was instructed to return *answer thereto only in the event it found (in 3) that Turken began performance without voicing protest or objection* that performance might extend beyond December 31, 1977.

By answers returned to cross-plaintiff Turken's special issues, it was found:

5. There was refusal by the jury finding according to the Turken claim—during the period March 6, 1977, to January 20, 1978, that the mare Juno's Reward contracted osteomyelitis while in the possession of Baker for breeding purposes.

6. & 7. were not answered because each was conditioned upon an affirmative answer to the numbered issues preceding, and no affirmative answer to any of the Turken issues was returned.

8. & 9. There were no findings in answer to these, the damages issues, by determination of values of Juno's Reward immediately before and immediately after she contracted a condition of osteomyelitis (as inquired about in 5), because of instruction not to answer unless answers preceeding were answered.

Based upon the jury's verdict the court's judgment was that Baker take nothing by his suit against Turken and that Turken take nothing against Baker.

Neither party objected to the conditional submission of the damages issues where only by favorable answer or answers returned might either party have been entitled to any recovery against the other. Even if we err in such statement it is nevertheless appropriate that the situation be so treated in view of the fact that on appeal neither party has a point of error because of the conditional submission of the damages issues to the jury.

The state of the charge is to be considered a conditional submission of the damages issues agreed to by both parties, with accompanying "waiver" of any right to complain on appeal because of the manner of submission. In a case such as this the appropriate objection, which if overruled by the trial court would serve as premise for point of error on appeal, would be somewhat on the order of: "Plaintiff (or) defendant objects to the manner of submission because it is improperly submitted (indicating that the condition is improper either because it informs the jury of the effect of its finding in answer to the issue upon which there is conditional submission or because it denies the objecting party the unconditional submission of damages or other theory of recovery or defense.)"

■ Despite changes in the rules relative to submission of issues to the jury by a charge of the Court, submission of the damages issues should usually be independent from those submitted on liability issues. See the suggested forms for special issue submission made a part of the article "Revised Rule 277—A Better Special Verdict System for Texas", by Judge Jack Pope and William G. Lowerre, at 27 Southwestern Law Journal (1973) 577. Neither in said article nor in the recent case of *Burk Royalty Company v. Walls*, 616 S.W.2d 911 (Tex. Sup.1981), is there any intimation of any change in the law relative to submission of special issues which would make it proper to depart from the rule entitling one in position of a plaintiff to an independent submission of special issues on his damages. (Of course a party litigant has always been free to waive right to complain because

damages issues were conditionally submitted and that is what occurred in this case.)

Unless damages of a party are proved by the undisputed evidence it could only be argued that a fact issue existed, and because existent, that the amount of damages should be resolved. The issues on damages in a case such as the one before us will be deemed by an appellate court to have been found by the trial court in such manner as to support its judgment unless the contrary was found by the jury where fact issues are involved. In our opinion that is the situation posed as applied to the case of the plaintiff and as applied to the case of the defendant at the time the jury's verdict was returned and received without objection. Therefore, bearing in mind the state of the evidence in this case, the trial court must be deemed as having found that neither the plaintiff nor the defendant had sustained damages to which there might be entitlement under their pleading had the fact finding been conversely made by the jury. Tex.R.Civ.P. 279, "Submission of Issues".

In *Little Rock Furniture Mfg. Co. v. Dunn*, 148 Tex. 197, 222 S.W.2d 985, 989, 990 (1949) is contained an excellent discussion on the question. Though the application of the rule relative to the conditional submission of a special issue on proximate cause (which was the subject of the court's discussion) might be altered somewhat, it would then have had—and would now still have—full application to the rules applicable where there has been a conditional submission of special issue(s) on damages. We quote excerpts from the opinion, as follows:

"The conditional submission (of proximate cause) was not objected by the petitioner, and we agree with respondent that petitioner's failure so to object constituted a waiver of petitioner's right to have the special issue on proximate cause answered by the jury, in the event Special Issue No. 16 was answered 'No'.

"In the following cases it has been held that where the charge or the court instructs the jury to answer a special issue only conditionally, and the jury in compliance with the instruction fails to answer the issue, a party who did not object to the conditional submission waives the right to have the issue answered and also necessarily waives the right to any benefits which he might receive from a favorable answer to such issue. . . .

"There was no objection to the court's charge as submitted and the issue of intent to deceive (No. 10) was submitted conditionally only upon an affirmative answer to No. 9. In not answering issue No. 10 the jury literally followed the court's instruction not to do so in case of a negative answer to No. 9. Manifestly *the Company acquiesced in this conditional submission of No. 10, and waived a jury finding thereon upon the jury's affirmative answer to No. 9. Under the express provisions of Rule 279, Texas Rules of Civil Procedure, this issue is 'deemed as found by the court in such manner as to support the judgment'*".

In the case before us, by construction as directed by Rule 279, there was the entirely proper finding of "no damages sustained" by the trial court with no complaint by any point of error of denial of right to have such determination(s) made by the jury. Consequently the only matters presented by the appeal are claims of irregularities; presenting a situation where even if such be deemed existent none of them would be of importance because both parties were properly found, by application of Rule 279, not to have sustained any damages sought to be recovered by their causes of action, each as against the other. Hence all points of error presented are overruled as moot.

Judgment is affirmed.