Schon Landman MEYER, Appellant,

v.

UNION MUTUAL LIFE INSURANCE
COMPANY, Appellee.

No. 17929.

Court of Civil Appeals of Texas,
Dallas.

July 6, 1972.

Rehearing Denied July 27, 1972.

Emma Leigh Washburn Bartholow, John L. Hauer, Akin, Gump, Strauss, Hauer & Feld, Dallas, for appellant.

Mark T. Davenport, Atwell, Malouf, Musselwhite & Bynum, Dallas, for appellee.

CLAUDE WILLIAMS, Chief Justice.

This appeal is from a take nothing judgment, based upon a jury verdict, in appellant's suit against appellee to recover upon an insurance policy.

Union Mutual Life Insurance Company had issued its group policy to Binswanger Glass Company. The contract of insurance provided accidental loss benefits for employees of the insured, including Eli H. Landman. Appellant Schon Landman Meyer was the named beneficiary of Eli H. Landman. On December 1, 1969 Eli H. Landman was involved in an automobile accident in Dallas and was admitted to Presbyterian Hospital where he died on December 10, 1969.

The record reveals that Landman, for a number of years, had a history of pulmonary emphysema, congestive heart failure, and various heart and lung problems. At the time he was admitted to the Presbyterian Hospital following the automobile accident his family doctor diagnosed his condition as fractured ribs, pulmonary insufficiency, due to pulmonary emphysema, and cor pulmonale, which means heart failure with lung disease.

The policy of insurance in question contained the following material provisions:

"To insure eligible persons of the Holder (herein individually called Insured) and their eligible dependents, if any, * * * for loss resulting from

injury, to the extent herein provided and subject to all of the exceptions, limitations and provisions of this policy."

"DEFINITIONS

'Injury' wherever used in this policy means bodily injury caused by an accident occurring while this policy is in force as to the Insured Person and resulting directly and independently of all other causes in loss covered by this policy."

"EXCEPTIONS

This policy does not cover any loss to an Insured Person caused by or resulting from: * * * (2) disease of any kind; * * *."

Appellee insurance company answered appellant's suit on the policy with an affirmative defense to the effect that Eli Landman did not die as a result solely from accidental injuries he may have received in the automobile accident of December 1, 1969, and directly and independently of all other causes. It alleged that Landman was suffering from serious pre-existing lung and heart diseases and that such conditions proximately caused or proximately contributed to cause, or were the sole proximate causes of the death of Landman.

A large volume of evidence was offered during the trial relating to the cause of death. Much of this evidence is conflicting. In the official certificate of death, signed by the doctor who performed an autopsy, the cause of death is listed as: "Hepatic lacerations with intraparenchymal hematoma formation; external trauma to chest and abdomen." Other significant conditions are listed as: "Pulmonary emphysema. Cardiac hypertrophy."

The court submitted to the jury the following material instructions and issues, the answers of the jury being shown, as follows:

"PROXIMATE CAUSE means that cause which, in a natural and continuous sequence, produces an event, and without which cause such event would not have occurred. There may be more than one proximate cause of an event."

"Special Issue No. 1.

Do you find from a preponderance of the evidence that the death of Eli Landman on December 10, 1969 resulted directly and independently of all other causes from bodily injuries, if any, caused by the automobile accident of December 1, 1969?

Answer: 'Yes' or 'No.'

Answer: Yes."

"Special Issue No. 3.

Do you find from a preponderance of the evidence that the lung disease of Eli Landman, if any, was not a proximate cause of his death on December 10, 1969?

Answer: 'It was not a proximate cause' or 'It was a proximate cause.'

Answer: It was a proximate cause."

"Special Issue No. 4.

Do you find from a preponderance of the evidence that the heart disease of Eli Landman, if any, was not a proximate cause of his death on December 10, 1969?

Answer: 'It was not a proximate cause' or 'It was a proximate cause.'

Answer: It was a proximate cause."

Based upon this verdict the trial court rendered judgment that Mrs. Meyer recover nothing.

The controlling question presented in appellant's sole point of error is whether or not the answers of the jury to the special issues are in such irreconcilable conflict that the judgment entered on the verdict must be reversed for a new trial.

A proper resolution of this question requires us to take note of several well recognized rules: (1) Where two findings regarding a material fact are so constituted

that both cannot be true, there is a fatal conflict, and neither will be permitted to stand. Pearson v. Doherty, 143 Tex. 64, 183 S.W.2d 453 (1944); 57 Tex.Jur.2d, "Trial", § 551, p. 291. (2) The court should reconcile apparent conflicts in the jury's answers where it is reasonably possible to do so but this may not be done by giving a forced construction to any finding, contrary to the evident intention of the jury. 57 Tex.Jur.2d, "Trial", § 549, p. 277; C. & R. Transport, Inc. v. Campbell, 406 S.W.2d 191 (Tex.Sup.1966); and (3) the test for determining the question of conflict is, whether taking a finding alone in the one instance a judgment should be entered in favor of the plaintiff; and taking it alone in the other, judgment should be entered in favor of the defendant. 57 Tex.Jur.2d "Trial", § 551, p. 293; Little Rock Furniture Mfg. Co. v. Dunn, 148 Tex. 197, 222 S.W.2d 985 (1949).

 Since we are necessarily required to limit our consideration of the question of conflict to the fact that we are here dealing with a suit based on an accidental bodily injury insurance policy, we must also note the rule in such cases that the plaintiff is faced with the burden of proving an accidental bodily injury "independently of all other causes." Also, where the insurer affirmatively pleads that the injury or death was caused in part by disease then it is also the burden on the part of the plaintiff to prove that such alleged disease was not a proximate cause of the injury or death. Mutual Benefit Health & Accident Ass'n v. Hudman, 398 S.W.2d 110 (Tex.Sup.1965); Robinson v. Aetna Life Ins. Co., 276 S.W. 900 (Tex.Com.App.1925); Continental Casualty Co. v. Fountain, 257 S.W.2d 338 (Tex.Civ.App., Dallas 1953, writ ref'd).

Our Supreme Court in both Mutual Benefit Health & Accident Ass'n v. Hudman, 398 S.W.2d 110 (1965) and Stroburg v. Insurance Co. of North America, 464 S.W.2d 827 (1971), in discussing the meaning of the phrase "independently of all other causes", as used in the insurance policy and as used in Special Issue No. 1, said that the term means "solely", "only", or "standing alone".

 When we make a pragmatic application of these rules of law to the special issues before us we conclude that the jury's answers to the material issues are in fatal conflict and cannot legally be made the basis for judgment in favor of appellee.

In answer to Special Issue No. 1 the jury found from a preponderance of the evidence that the *death* of Eli Landman on December 10, 1969 *resulted directly and independently of all other causes* from bodily injuries resulting from the automobile accident of December 1, 1969. This finding, when viewed in the light of the definition approved by the Supreme Court in *Hudman* and *Stroburg*, supra, leads to the obvious conclusion that the bodily injuries caused by the automobile accident were the sole, only, and independent causes of Landman's death. Applying the test of conflict laid down by the Supreme Court in the cases cited above, if we were to take the answer to this issue alone and disregard for the moment the answers to Special Issues 3 and 4, such would entitle appellant to a judgment.

On the other hand, the jury, by answering Special Issues 3 and 4 to the effect that the pre-existing diseased condition of Landman amounted to proximate causes of Landman's death, has gone directly contrary to its previous finding to the effect that Landman's death resulted solely, only, and independently of all other causes to the injuries sustained in the automobile accident. Obviously, the findings of the jury in response to Special Issues 3 and 4, standing alone, and disregarding for the moment the answer to Special Issue No. 1, would entitle appellee insurance company to a judgment.

To hold that the material issues do not result in a fatal conflict, as contended by appellee, would result in a forced or strained construction which has been condemned. 57 Tex.Jur.2d, "Trial", § 549, p. 277; Hancock v. Sammons, 267 S.W.2d 252 (Tex. Civ.App., Fort Worth 1954, writ ref'd

n. r. e.) ; and Speer's Special Issues, p. 561, § 432. There being a fatal and irreconcilable conflict in the jury's answers, the verdict cannot stand, and the judgment based thereon must be set aside. The judgment of the trial court is reversed and remanded for further proceedings.

Reversed and remanded.