UNION MUTUAL LIFE INSURANCE COMPANY, Petitioner,

v.

Schon Landman MEYER, Respondent.

No. B–3561.

Supreme Court of Texas.

Sept. 19, 1973.

Rehearing Denied Oct. 24, 1973.

---

Cain & Davenport, Mark Davenport, Dallas, for petitioner.

Akin, Gump, Strauss, Hauer & Feld, Molly Bartholow and John L. Hauer, Dallas, for respondent.

REAVLEY, Justice.

This is a suit for recovery of benefit for accidental death under a group insurance policy. The controversy in the jury trial was whether the death of Eli Landman was due to an accidental cause within the terms of the policy. Judgment was entered for the insurer by the trial court, but a new trial was ordered by the Court of Civil Appeals because of conflict between the findings of the jury. 483 S.W.2d 7. We agree with the Court of Civil Appeals.

The insured suffered from pulmonary emphysema and congestive heart failure, for which he had been hospitalized three months prior to his death. On December 1, 1969, he suffered injuries, including rib fractures and liver lacerations, in an automobile accident. He died in the early hours of December 10, 1969. Four physicians testified on the issue of whether the heart and lung diseases were substantial and proximate causes of the death, or whether they were indirect and remote causes. They all agreed that the injuries received in the automobile accident composed the only precipitating cause of the final hospitalization and the death on the precise date of December 10. There was disagreement as to the role of the liver injury in the mechanism of death. Two pathologists, basing their opinion upon the hospital and autopsy records, were of the opinion that the diseases and injuries combined to overcome the life functions. The pathologist who performed the autopsy insisted that Landman "died of liver lacerations," and that it was not a reasonable probability that the lung and heart conditions contributed as causes of death.

The insurance policy issued by Union Mutual Life Insurance Company excluded "any loss to an Insured Person caused by or resulting from . . . disease of any kind . . . ." The coverage was for loss resulting from injury, defined as "bodily injury caused by an accident . . . resulting directly and independently of all other causes . . . ."

The problem arises because of the inconsistency in the answers given by the jury to these special issues:

"Special Issue No. 1.

Do you find from a preponderance of the evidence that the death of Eli Landman on December 10, 1969 resulted directly and independently of all other causes from bodily injuries, if any, caused by the automobile accident of December 1, 1969?

Answer: 'Yes' or 'No.'

Answer: Yes."

"Special Issue No. 3.

Do you find from a preponderance of the evidence that the lung disease of Eli Landman, if any, was not a proximate cause of his death on December 10, 1969?

Answer: 'It was not a proximate cause' or 'It was a proximate cause.'

Answer: It was a proximate cause."

"Special Issue No. 4.

Do you find from a preponderance of the evidence that the heart disease of Eli Landman, if any, was not a proximate cause of his death on December 10, 1969?

Answer: 'It was not a proximate cause' or 'It was a proximate cause.'

Answer: It was a proximate cause."

The trial court gave no instructions or definitions pertinent to these issues except for the definition of preponderance of the evidence and the following definition of proximate cause: "PROXIMATE CAUSE means that cause which, in a natural and continuous sequence, produces an event, and without which cause such event would not have occurred. There may be more than one proximate cause of an event."

The trial court rendered judgment upon the verdict that the plaintiff recover nothing. The Court of Civil Appeals remanded the case for a new trial, holding that these jury answers are in irreconcilable conflict. That court wrote:

In answer to Special Issue No. 1 the jury found from a preponderance of the evidence that the *death* of Eli Landman on December 10, 1969 *resulted directly and independently of all other causes* from bodily injuries resulting from the automobile accident of December 1, 1969. This finding, when viewed in the light of the definition approved by the Supreme Court in *Hudman* [Health & Accident Ass'n v. Hudman, 398 S.W.2d 110] and *Stroburg*, [Stroburg v. Insurance Co. of North America, 464 S.W.2d 827], supra, leads to the obvious conclusion that the bodily injuries caused by the automobile accident were the sole, only, and independent causes of Landman's death. Applying the test of conflict laid down by the Supreme Court in the cases cited above, [Little Rock Furniture Mfg. Co. v. Dunn, 148 Tex. 197, 222 S.W.2d 985 (1949); C. & R. Transport, Inc. v. Campbell, 406 S.W.2d 191 (Tex.1966); and Pearson v. Doherty, 143 Tex. 64, 183 S.W.2d 453 (1944)] if we were to take the answer to this issue alone and disregard for the moment the answers to Special Issues 3 and 4, such would entitle appellant to a judgment.

On the other hand, the jury, by answering Special Issues 3 and 4 to the effect that the preexisting diseased condition of Landman amounted to proximate causes of Landman's death, has gone directly contrary to its previous finding to the effect that Landman's death resulted solely, only, and independently of all other causes to the injuries sustained in the automobile accident. Obviously, the findings of the jury in response to Special Issues 3 and 4, standing alone, and disregarding for the moment the answer to Special Issue No. 1, would entitle appellee insurance company to a judgment. 483 S.W.2d 9.

The contrary contention is that the plaintiff had to obtain favorable findings to all three of these issues or suffer a take-nothing judgment; judgment against the plaintiff must be rendered whether the answers to Special Issues 3 and 4 are ignored or whether the answer to Special Issue 1 is ignored; there is no fatal conflict under Little Rock Furniture Mfg. Co. v. Dunn, *supra*; the plaintiff simply failed to prove her case. The following sentence from the opinion of this Court in Stroburg v. Insurance Company of North America, 464 S.W. 2d 827 (Tex.1971) is cited in support of that contention:

. . . Under the provisions of Rule 94, Texas Rules of Civil Procedure, the

plaintiff had the burden of proving not only that the death of his father resulted directly and independently of all other causes from bodily injuries caused by accident but also that it was not caused by and did not result from the ulcer and emphysema. 464 S.W.2d 828.

■ There was no question before the Court in the Stroburg case relative to the form of the verdict, and in the quoted sentence the Court was dealing with the burden of the plaintiff and not prescribing the number of special issues required to be answered. Because of the exclusion in the insurance contract and the pleading and evidence produced by the insurer, it was held that the jury was required to exclude the specific conditions of the ulcer and emphysema as direct and substantial causes of death. This does not necessarily mean that this inquiry must be put to the jury by separate issues. The submission of the question of a policy exclusion will often justify or require a separate special issue. However, this Court has moved away from requiring a duplication of special issues as has been necessary under such holdings as that of Robinson v. Aetna Life Ins. Co., 276 S.W. 900 (Tex.Com.App.1925) and Blanton v. E. & L. Transport Co., 146 Tex. 377, 207 S.W.2d 368 (1948). See, Yarborough v. Berner, 467 S.W.2d 188 (Tex.1971). Rule 277, Tex.R.Civ.P., which became effective September 1, 1973, now makes it very clear that the trial court is not required to put the same question, or a part of the same question, to the jury in repetitious issues. The court may instruct the jury in order to inform it upon the contentions of fact that must be resolved; the court should avoid the confusion created by repetition of the same inquiry.

■ The issues used by the trial court in this case were not improper. They are almost exactly those which were used in the Stroburg case. Having submitted Special Issues 3 and 4, the plaintiff could not obtain a judgment in her favor without favorable findings to those issues. It does not follow that the answers given compel a judgment in favor of the defendant. It was necessary for the plaintiff to obtain a favorable answer to the unavoidable accident issue in Bradford v. Arhelger, 161 Tex. 427, 340 S.W.2d 772 (1960); the jury's answer, though not favorable to the plaintiff, was held to be in fatal conflict even alongside findings of primary *and* contributory negligence.

As was said in Texas Employers' Ins. Ass'n v. Collins, 156 Tex. 376, 295 S.W.2d 902, 905 (1956), "[f]rom the lay point of view the verdict in the instant case is clearly conflicting." In answer to Special Issue 1, the jury says that death resulted from injuries received in the automobile accident—independent and apart from any other cause. And yet the jury replies that it is unable to say that the heart or lung disease did not proximately cause the death. If the automobile accident injuries caused the death independent of other causes, neither emphysema nor heart disease caused the death. The jury must have been confused about the issues.

It is argued that the answers to Special Issues 3 and 4 represent failures to find from a preponderance of the evidence, and that these answers cannot be in irreconcilable conflict with a positive finding in answer to Special Issue 1. The inconsistency exists in this verdict whether the answer is a failure to find, or a finding, according to the preponderance of the evidence. One of the conflicting findings in Bradford v. Arhelger, *supra*, was a failure to find. The answer to the unavoidable accident issue was "No"—which was a failure to find that the collision was not an unavoidable accident.

■ This jury has declared on both sides of the question that is determinative of this lawsuit. The verdict cannot be regarded as an acceptable resolution of the disputed question of fact, and judgment should not be rendered until that fact issue has been resolved.

The judgment of the Court of Civil Appeals is affirmed.

Dissenting opinion by DENTON, J., in which GREENHILL, C. J., joins.

DENTON, Justice (dissenting).

I respectfully dissent.

Texas has long followed the view that there can be no recovery under an accident policy containing a "sole cause" or "exclusionary clause," where the insured's pre-existing physical condition contributed to or cooperated with the accident in producing death or injury. Mutual Benefit Health and Accident Ass'n. v. Hudman, 398 S.W.2d 110 (Tex.1965); American National Ins. Co. v. Briggs, 70 S.W.2d 491 (Tex.Civ.App.1934, writ dism'd); Combined American Insurance Company v. Tunnell, 311 S.W.2d 76 (Tex.Civ.App.1958, no writ); Standard Life & Accident Insurance Co. v. Roberts, 318 S.W.2d 757 (Tex.Civ.App.1958, writ dism'd).

The insurance company affirmatively pleaded the exclusions of pre-existing lung and heart diseases which contributed to the loss. These pleaded exclusions thus raised the issue of coverage. The insurer having pleaded the exclusion clauses of the policy as a defense under Rule 94, T.R.C.P., it was the plaintiff's burden to establish that the death of her brother did not result from, or was not contributed to by the pre-existing lung or heart disease. Sherman v. Provident American Insurance Company, 421 S.W.2d 652 (Tex.1967); Hardware Dealers Mut. Insurance Co. v. Berglund, 393 S.W.2d 309 (Tex.1965); International Travelers Insurance Ass'n. v. Marshall, 131 Tex. 258, 114 S.W.2d 851 (1938); American Exchange Life Insurance Company v. Willis, 433 S.W.2d 945 (Tex.Civ.App.1968, no writ); Powell v. American Casualty & Life Co., 250 S.W.2d 744 (Tex.Civ.App.1952, writ ref. n. r. e.); Rule 94 T.R.C.P.

In a case which I believe to be controlling here, this Court held in Stroburg v. Insurance Company of North America, 464 S.W.2d 827 (Tex.1971): "Under the provision of Rule 94, T.R.C.P., the plaintiff has the burden of proving not only that the death of his father resulted directly and independently of all other causes from bodily injuries caused by accident but also that it was not caused by and did not result from the ulcer and emphysema." That is to say, the insured had the burden of proof not only to come within the coverage provision, but also to negative the pleaded exclusionary provisions of the policy.

The question of the sufficiency of the evidence to support the jury findings was not before the court of civil appeals and is not before this Court. Although the court of civil appeals has held the jury's answers are in irreconcilable conflict and will not support the judgment, the principal question before us is whether or not the plaintiff has sustained its burden to prove a cause of action for recovery under the insurance policy as pleaded.

Under the clear holding in *Stroburg* the plaintiff had the burden of proving that the deceased was within the coverage provision of the policy, and that the loss did not come within the pleaded exclusionary provision of the policy. Special Issue No. 1 submitted the coverage provision, and Special Issues No. 3 and 4 submitted the exclusions. These three special issues formed the basis for plaintiff's cause of action against the insured. These were the issues upon which plaintiff relied for recovery under the terms of the insurance policy sued upon.

In my opinion there is no fatal conflict under the Little Rock Furniture Manufacturing Co. v. Dunn, 148 Tex. 197, 222 S.W.2d 985 (1949). If we take the affirmative answer to Special Issue No. 1 alone, and disregard the answers to Special Issues 3 and 4, the plaintiff would not be entitled to a judgment. On the other hand, if we have affirmative answers to Special Issues 3 and 4 alone, and if we disregard the answer to Special Issue No. 1, judg-

ment will still be rendered against the plaintiff. This is so in both instances because the plaintiff has failed to prove all the elements of her cause of action. I would hold the burden was upon the plaintiff to secure favorable findings to all three special issues submitted in order to support a judgment in her favor. She has failed to discharge this burden.

I would reverse the judgment of the court of civil appeals and affirm the judgment of the trial court.

GREENHILL, C. J., joins in this dissent.