Leslie Sheldon LORD, Sr., Appellant,

v.

INSURANCE COMPANY OF NORTH AMERICA, Appellee.

No. 18348.

Court of Civil Appeals of Texas, Dallas.

June 27, 1974.

Rehearing Denied Aug. 28, 1974.

**98**

Wm. Andress, Jr., Andress, Woodgate & Lodewick, Dallas, for appellant.

Gregory S. C. Huffman, Thompson, Knight, Simmons & Bullion, Dallas, for appellee.

CLAUDE WILLIAMS, Chief Justice.

Leslie Sheldon Lord, Sr., brought this action against Insurance Company of North America seeking to recover benefits provided by a policy of insurance issued to Lord's employer, General Tire & Rubber Company. Prior to date of trial Lord died and his cause of action was prosecuted to judgment by Marguerite E. Lord, as administratrix of the estate of Leslie Sheldon Lord, Sr., deceased. The insurance policy provided for payment of a principal sum of $100,000 "against loss resulting directly and independently of all other causes from bodily injuries caused by accident occurring while the policy is in force . . .." The policy also provided that the principal sum would be payable after one year of continuous disability and if the insured is then permanently and totally disabled. The insurance company defended the action on two principal grounds: (1) That Lord had recovered substantially from the effects of his injury so that he was not permanently and totally disabled within the meaning of the policy, and (2) that Lord's disability was not due solely to the accident sustained by him on May 11, 1970 [1] but was due in whole or in part to previous episodes of various diseases including heart failure, cirrhosis of the liver, diabetes and arteriosclerosis.

In answei to special issues the jury found that Lord was totally and permanently disabled following his accident on May 10, 1970 but that such disability did not result directly and independently of all other causes from bodily injuries caused by the accident of May 10, 1970. Based upon this verdict the trial court rendered judgment denying Mrs. Lord, the executrix, any recovery.

In points one through five inclusive, appellant contends that there was no evidence, or in the alternative, insufficient evidence, to support the jury's negative answer to special issues two and four, each being: [2]

Do you find from a preponderance of the evidence that such disability resulted

---

1. It is noted that the pleadings and record of the case vary the date of this injury between May 10, 1970 and May 11, 1970. We treat this variance as of no consequence.

2. Special Issue No. 2 was conditioned upon an affirmative finding that Lord had continuous total disability for one year from date of the May 1970 accident. Special Issue No. 4 was conditioned upon affirmative Issue No. 3 to the effect that Lord was permanently and totally disabled.

directly and independently of all other causes from bodily injuries caused by the accident on May 10, 1970?

The record revealed without dispute that on May 11, 1970 Leslie Sheldon Lord, Sr., then sixty-nine years old, and employed by General Tire & Rubber Company, sustained an accidental injury in his bathroom and as a result thereof suffered a compression fracture to his first lumbar vertebra. He instituted this suit against appellee insurance company on October 18, 1971 claiming a recovery under the terms of the policy. On May 30, 1973 Lord died. Apparently his death was not caused by or related to the injury of May 11, 1970. At the time of trial in November 1973 Mrs. Lord, as administratrix, introduced the deposition of Lord and also her own testimony to the effect that Lord had never returned to work following his injury on May 11, 1970. She tendered no medical evidence tending to show that his continuous total disability was due solely to the accidental injury sustained by him on May 11, 1970.

Appellee produced testimony from medical experts to the effect that within three months following his accidental injury Lord had practically recovered from the effects of the compression fracture which had, at that time, united and healed. These medical witnesses said that in their opinion Lord had ceased to have disability as a result of the accidental injury. Appellee also introduced medical records and testimony of doctors which established that at the time of his accidental injury Lord had suffered from a number of ailments including Parkinson's disease, heart disease, diabetes, arthritis and arteriosclerosis. For example Dr. Kimmerling testified that he examined Lord in 1973 and at that time he found him to be suffering from Parkinson's disease, which was "pretty far advanced" and which was Lord's most disabling affliction. Dr. Kimmerling stated that this Parkinson's disease was in no way related to the accidental injury of May 11, 1970. Dr. Kimmerling also testi-

fied that Lord was suffering from congestive heart failure which had existed over a long period of time and which was disabling to the extent that it would "certainly limit his activities." Dr. Webb testified that when he examined Lord in October 1970 he felt that the compression fracture had healed and that Lord had very little complaints with regard to his back at that time. He said that Lord could have returned to the same activity that he was doing insofar as the effect of his injury was concerned. Hospital records relating to various hospitalizations by Lord prior to his back injury indicated that he had been suffering from cerebral arteriosclerosis, osteoarthritis, heart diseases and liver ailments.

■ In the light of the testimony it is quite evident to us that there was ample evidence of probative force to support the jury's answers to both special issues two and four.

It is important to bear in mind that we are here dealing with an action which is brought upon a particular kind of insurance policy which is express in its terms that the loss payable thereunder must result "directly and independently of all other causes from bodily injuries caused by accident . . . ." In Mutual Benefit Health & Accident Ass'n. v. Hudman, 398 S.W.2d 110, 112 (Tex.1965), the court pointed out that the limitation upon the cause of death or disability cannot be ignored because it was the basis of the agreement. The court then pointed out that "independently" means "solely," "only," and "standing alone." In Stroburg v. Insurance Co. of North America, 464 S. W.2d 827, 828 (Tex.1971) the court considered the identical phrase we are concerned with, holding:

Under the provisions of Rule 94, Texas Rules of Civil Procedure, the plaintiff had the burden of proving not only that the death of his father resulted directly and independently of all other causes

from bodily injuries caused by accident but also that it was not caused by and did not result from the ulcer and emphysema.

■ The defendant in that case had urged that the death of the insured had been caused in some measure by these two ailments, and the supreme court held that this placed the burden of proof on the plaintiff to negate these possibilities. In addition to *Stroburg* the supreme court has repeatedly held that the burden of producing evidence to demonstrate that the insured's losses were not attributable to the pleaded excluded hazards of the policy rested upon the insured. Sherman v. Provident American Ins. Co., 421 S.W.2d 652, 654 (Tex.1967); Hardware Dealers Mutual Ins. Co. v. Berglund, 393 S.W.2d 309, 311 (Tex.1965). *See also* Meyer v. Union Mutual Life Ins. Co., 483 S.W.2d 7 (Tex.Civ.App.—Dallas 1972), affirmed, 502 S.W.2d 676 (Tex.1973); Continental Casualty Co. v. Fountain, 257 S.W.2d 338 (Tex.Civ.App.—Dallas 1953, writ ref'd) and Robinson v. Aetna Life Ins. Co., 276 S.W. 900 (Tex.Com.App.1925, jdgmt. adopted).

■ The trial court correctly framed issues two and four to place the burden of proof upon appellant to secure a jury finding, based upon a preponderance of the evidence, that Lord's disability resulted directly and independently of all other causes from bodily injuries caused by the accident. We hold that appellant did not sustain his dual burden by bringing forward evidence of sufficient probative force to establish that the accidental personal injury was the sole and only cause of his disability and also to negate the causal connection by the non-covered ailments. We overrule appellant's "no evidence" and "insufficient evidence" points of error.

In point of error number five appellant argues that appellee's medical evidence concerning causation and continuance of total disability was not relevant nor admissible because the same was not based upon a reasonable medical probability. Appellant points to one or more instances in the testimony where the medical expert states that the diseased condition being discussed "could" have caused the disability.

■ It is, of course, well settled that for a doctor's testimony to be proper evidence of causal connection it must establish a reasonable medical probability that something had a given effect, and not that it was only a mere possibility. Otis Elevator Co. v. Wood, 436 S.W.2d 324, 331 (Tex.1968). The basis of this rule is that "(c)ausal connection . . . must rest in reasonable probabilities, otherwise, the inference that such actually did occur can be no more than mere speculation and conjecture." Insurance Co. of North America v. Myers, 411 S.W.2d 710, 713 (Tex.1966). However, in *Myers,* the court emphasized that reasonable probability is determined by a consideration of "the substance of the testimony of the expert witness and does not turn on semantics or on the use by the witness of any particular term or phrase." Thus, it is not error for a trial court to admit "could have" questions as they can be sufficient evidence to support an inference of fact. The context of the witness' testimony may demonstrate that when he used "could have" he was using the phrase in the sense of "probably did." Otis Elevator Co. v. Wood, 436 S.W.2d 324, 332 (Tex. 1968). While in one or more instances the medical experts used the term "could have," when the entire testimony is considered, particularly other specific language utilized by the witnesses, it is quite evident to us that the medical testimony was entirely sufficient to bring it within the rule announced by the supreme court in *Wood* and *Myers, supra.* For example, both Dr. Kimmerling and Dr. Webb testified that the diseased conditions being discussed *were* disabling and *did* result in disability. This testimony goes directly to the ques-

tion of cause of disability and is clearly within the reasonable probability test. We hold that the testimony of appellee's expert witnesses was properly admissible and was sufficient, together with positive medical evidence to the effect that appellant had recovered from his accidental injury, to support the jury's negative answer to the two special issues submitted. Appellant's fifth point of error is overruled.

In points six, seven and eight, appellant complains of the action of the trial court in refusing to permit appellant to file a trial amendment in which it was alleged that Lord had sustained a second injury on December 4, 1970. It is also argued that the court should have submitted to the jury requested special issues permitting the jury to take into consideration both accidental injuries rather than the one sustained by Lord on May 11, 1970. These points are without merit and are overruled. The record does contain testimony to the effect that Lord did sustain a second fall on December 4, 1970. However, in his original petition and his amended petition Lord made no complaint and asserted no cause of action based upon the December injury. Dr. Metz, Lord's attending physician, stated that he was not even aware of the second fall. The first time the December injury was asserted as a basis for recovery was when the trial amendment was tendered for filing after the completion of all of the testimony and while the charge was being prepared.

Although Texas Rules of Civil Procedure, rule 66 contemplates that trial amendments shall be freely made, the trial court is vested with a sound discretion in regard thereto and the order of the court denying the filing of a trial amendment will not be set aside in the absence of a clear showing that the court abused its discretion. Vermillion v. Haynes, 147 Tex. 359, 365, 215 S.W.2d 605, 609 (1948); Groce v. Gulf Oil Corp., 439 S.W.2d 718 (Tex.Civ.App.—Dallas 1969, no writ); Lone Star Steel Co. v. Owens, 302 S.W.2d

213 (Tex.Civ.App.—Texarkana 1957, writ ref'd n.r.e.). It is not an abuse of discretion to deny leave to file a trial amendment which would change the factual basis of the lawsuit and probably prejudice the opposite party in maintaining his defenses. Westinghouse Electric Corp. v. Pierce, 153 Tex. 527, 531, 271 S.W.2d 422, 424 (1954); Patino v. Texas Employers Ins. Ass'n, 491 S.W.2d 754, 756 (Tex.Civ.App.—Austin 1973, writ ref'd n.r.e.).

The testimony by Lord shows that the second fall was a new factual basis for recovery and since it was not presented until all the parties had rested we cannot say that the court abused its discretion in refusing appellant permission to file the trial amendment nor in refusing to submit the tendered special issues based upon the trial amendment.

In the ninth and last point of error appellant complains of the action of the trial court in refusing to permit the introduction of a letter from Dr. Sarris addressed to the appellee insurance company. Lord had testified in his deposition that he had submitted himself for a physical examination by Dr. Arthur L. Sarris, allegedly a doctor chosen by the insurance company. During the trial appellant tendered a letter from Dr. Sarris in which he reported his findings based upon his examination of Lord. Appellant offered the letter as an admission against interest. Appellee's objection that the letter would be hearsay was sustained by the trial court. We agree with appellee that appellant did not lay proper predicate for the introduction of such instrument so as to bring the same within an exception to the hearsay rule.

It is established law in Texas that the declarations of an agent or employee are admitted against the principal or employer as an exception to the hearsay rule but the fact of agency must first be clearly established. Texas General Indemnity Co. v. Scott, 152 Tex. 1, 8, 253 S.W.2d 651 (1952); Le Sage v. Pryor, 137 Tex. 455,

461, 154 S.W.2d 446, 450 (1941). The burden of proving agency rests upon the party asserting such agency, and it cannot be shown by mere assertion that such is known to be true without revealing the duties of agent and the character of the representation. The claim of agency must be based upon evidence from some authentic source. Deaton & Son, Inc. v. Miller Well Servicing Co., 231 S.W.2d 944, 948 (Tex. Civ.App.—Amarillo 1950, no writ).

In this case the record reveals that appellee company denied that Dr. Sarris was its agency for any purpose. Appellant made no attempt to prove the agency of the doctor. Appellant's counsel merely asserted that the doctor was appellee's agent. Since the record demonstrates that appellant failed to lay proper predicate for the introduction of the letter we hold that the court's action does not reflect reversible error.

Even if it could be said that the trial court did abuse its discretion in excluding the tendered letter we hold that such error would be harmless. Tex.R. Civ.P. 434. The letter from Dr. Sarris reveals that he examined Lord on May 17, 1971 which would be subsequent to both injuries sustained by Lord. The doctor's report draws no distinction between the two injuries but attempts to give an opinion concerning his physical condition as of the date of the examination. We have held that appellant's belated effort to assert a cause of action based upon the December 1970 injury was not proper. For these reasons we feel that Dr. Sarris' report and opinion would not constitute probative evidence concerning Lord's condition due solely to the May 1970 injury. Gordon v. Aetna Casualty & Surety Co., 351 S.W.2d 602 (Tex.Civ.App.—Eastland 1961, writ ref'd). Appellant's ninth point is overruled.

The judgment of the trial court is affirmed.

Affirmed.