**Opinion issued June 16, 2026**



In The

# Court of Appeals

For The

# First District of Texas

———————————

**NO. 01-24-00492-CV**

———————————

**HIEN NGUYEN, Appellant**

**V.**

**LISA LE, SEIU LE, AND NANCY TRAN, Appellees**

---

**On Appeal from the 412th District Court**
**Brazoria County, Texas**
**Trial Court Case No. 78763-CV**

---

**CONCURRING OPINION**

Conflicting jury answers can sneak past not only the jurors, but also the judge and lawyers. So if you notice a conflict, speak up before the jurors go home. Speaking up in a new trial motion is too late in Texas. But such a motion is timely in the Fifth Circuit. Should our rules be amended to take the Fifth Circuit view?

I.

The jury answered the two liability questions as follows:

1.     Did Plaintiff and any of the following Defendants enter into an oral contract for the sale and purchase of one-half ownership interest in the vessel *LUCKY NIKKI*?

Answer "Yes" or "No"

(a)    [Seiu] Le

ANSWER: <u>Yes</u>

(b)    Nancy Tran

ANSWER: <u>No</u>

(c)    Lisa Le

ANSWER: <u>No</u>

If you answered "Yes" to Question No. 1 as to any Defendant, then answer the following question. Otherwise, do not answer the following question.

\* \* \* \*

2.     Did any of the following Defendants breach the oral contract with Plaintiff for the sale and purchase of one-half ownership interest in the vessel *LUCKY NIKKI* and/or fail to comply with any of the material obligations under the oral contract?

Answer "Yes" or "No"

(a)    [Seiu] Le

ANSWER: <u>Yes</u>

(b)    Nancy Tran

ANSWER: <u>Yes</u>

(c)    Lisa Le

ANSWER: <u>Yes</u>

Thus, two defendants broke promises that they never made.

2

Let us assume for purposes of this discussion that the two No answers conflict with the two Yes answers. Now ask yourself when somebody needed to speak up about it. In an ideal world, counsel will spot the conflict before the jurors have left the building. But history teaches that conflicts often have a way of going unnoticed until the jurors are gone, or that counsel may see the conflict at first and mistakenly view it as non-fatal or as reconcilable by harmonization, only to think better of the matter after a few days of research.

May the litigant who first sees a conflict after the jury goes home preserve the point in a new trial motion? In the Fifth Circuit, the answer is Yes: "[E]ven if an irreconcilable conflict is not recognized by court or counsel until after the jury has been discharged, the district court 'has no authority to enter judgment based upon those answers,' and a new trial must be held." *Team Contractors, L.L.C. v. Waypoint NOLA, L.L.C.*, 976 F.3d 509, 514 (5th Cir. 2020) (quoting *Brunner v. Maritime Overseas Corp.*, 779 F.2d 296, 297–98 (5th Cir. 1986)).

That has been the answer in the Fifth Circuit for decades. *See, e.g.*, *Mercer v. Long Mfg. N.C., Inc.*, 671 F.2d 946, 947 (5th Cir. 1982) ("Mercer urges that the failure of a party to move for a limited resubmission to the jury in such a case of inconsistency results in a waiver of that party's subsequent right to complain of the inconsistent special verdicts. Neither F.R.Civ.P. 49(a) nor the law of this Circuit has established any such rule of waiver.").

3

Raising the point with jurors in the box would be "the better practice." *Holt Oil & Gas Corp. v. Harvey*, 801 F.2d 773, 781 n.9 (5th Cir. 1986). But better does not mean compulsory: "[E]xtolling the virtue of a procedure is not equivalent to mandating that it be followed with the dire consequence of waiver for failure to adopt the practice. We know of no case in this Circuit holding that inconsistencies in special verdicts pursuant to F.R.Civ.P. 49(a) are waived if not raised prior to release of the jury." *Mercer*, 671 F.2d at 947–48.

## II.

The Fifth Circuit view has virtues that can be discussed, but let me start by acknowledging that Texas has plainly gone the other way. Under cases that trace back to a three-justice plurality opinion in *USAA Texas Lloyds Co. v. Menchaca*, 545 S.W.3d 479 (Tex. 2018), a complaint about conflicting findings is forfeited if not urged with the jury in the box. *See In re Rudolph Auto., LLC*, 674 S.W.3d 289, 303 (Tex. 2023) (orig. proceeding); *Los Compadres Pescadores, L.L.C. v. Valdez*, 622 S.W.3d 771, 787 (Tex. 2021). Post-*Menchaca* decisions leave no room for uncertainty about the law. That said, there are reasons to ask whether the issue deserves a second look.

First, the right to jury trial is at stake. "The legal error resulting from the entry of a judgment based on inconsistent special interrogatories is one which undermines the validity and integrity of the judgment and may, in fact, run afoul of the Seventh

4

Amendment by allowing the District Court to usurp the jury's function." *Mercer*, 671 F.2d at 948 n.1; *see also Ladnier v. Murray*, 769 F.2d 195, 198 n.3 (4th Cir. 1985) (agreeing with *Mercer* and stating that "the legal error resulting from entry of a judgment based on inconsistent special interrogatories may be an error of constitutional magnitude, infringing the seventh amendment right to jury trial").

"The constitutional right of a trial by jury is not to be evaded in whole or given an attenuated strength through the device of giving actual effect to a verdict whose important terms are mutually destructive." *Radford v. Auto. Underwriters of Am.*, 299 S.W. 852, 853 (Tex. Comm'n App. 1927); *see also Moore v. Moore*, 67 Tex. 293, 296, 3 S.W. 284, 285 (1887) ("It is the right of the parties to have the jury pass upon all the facts controverted by the pleadings; and when they have omitted to do this, however clear and undisputed the evidence upon the issues not found, the court cannot render judgment without usurping in part the function of the jury, and thereby infringing a right guarant[e]ed by the constitution and laws.").

Second, basing a judgment on a verdict with a fatal conflict is to build a house on a bad foundation—*i.e.*, unwise but also difficult. If a verdict contains a fatal conflict[1] and the jury is no more, the judge faces the quandary of picking a winner. The judge wants to decide in a principled way, but what principle controls?

---

[1]    The supreme court laid down the test for a fatal conflict in *Howard v. Howard*, 102 S.W.2d 473, 475 (Tex. Civ. App.—Austin 1937, writ ref'd), and has stood by it since then. *See Arvizu v. Est. of Puckett*, 364 S.W.3d 273, 276 (Tex. 2012) (per

Suppose one finding says that the defendant's light was red, while another finding says that the defendant's light was green. Now what? Perhaps we could treat the conflicting answers as matter and anti-matter, annihilating each other with a bang, leaving a universe where the jury never existed. But that would be quite an innovation, well beyond the familiar apparatus of letting a judge fill in interstitial gaps for omitted elements of partially submitted theories. *See* TEX. R. CIV. P. 279. To spare trial judges from these difficulties, an amendment to Rule of Civil Procedure 324 to allow preservation in such a motion might be worth considering.

### III.

None of this is to resurrect the idea of fundamental error. That doctrine has blessedly withered since the 1941 rules of civil procedure arrived. But making preservation compulsory does not tell us when it must occur to be timely. The pre-*Menchaca* cases in this area suffered from fuzziness, partly because of trends in preservation law after World War II and partly because of changes in Rule 324. My reading leads me to doubt the *Menchaca* three-justice plurality view about prior law and to sympathize with Chief Justice Hecht's concurrence and part III of Justice Green's dissent (joined by the Chief Justice and Justices Guzman and Brown). As

curiam); *Del Bosque v. Heitmann Bering-Cortes Co.*, 474 S.W.2d 450, 452 (Tex. 1971); *Bay Petroleum Corp. v. Crumpler*, 372 S.W.2d 318, 320 (Tex. 1963); *Little Rock Furniture Mfg. Co. v. Dunn*, 148 Tex. 197, 206, 222 S.W.2d 985, 991 (1949); *Pearson v. Doherty*, 143 Tex. 64, 70, 183 S.W.2d 453, 456 (1944).

Chief Justice Hecht noted, sometimes both sides deny a conflict, yet a court later disagrees. *See* 545 S.W.3d at 522. But parsing the law prior to *Menchaca* no longer offers much benefit.

So rather than exhume the debate about the law before 2018, I will add only a note about pre-*Menchaca* jurisprudence.[2] The question now concerns the future.

---

[2] Part III.D of the *Menchaca* plurality opinion seeks to distinguish *Union Mutual Life Insurance Co. v. Meyer*, 502 S.W.2d 676 (Tex. 1973), where the supreme court ordered a new trial in light of conflicting jury answers after the complaining party—the plaintiff—raised the conflict in a motion for new trial. The plurality questions whether preservation was at issue in *Meyer*: "Neither our opinion nor the court of appeals' opinion in *Meyer* ever mentioned or addressed whether any party objected to the conflicting answers or whether they should have. As best we can tell, the plaintiff in *Meyer* never complained that the defendant did not preserve the error, and the Court simply never addressed that issue." *USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 515 (Tex. 2018) (plurality op.). This view appears difficult to sustain.

First, the *Meyer* defendant's motion for rehearing squarely asserted that the plaintiff (who raised the matter in a motion for new trial) had not asked for the jurors to be sent back. Second, why would the plaintiff complain about the defendant preserving any error? The defendant liked the trial court's judgment and perceived no error at all. The party who disliked the judgment—and asserted error—was the plaintiff, who told the Dallas Court of Civil Appeals that the trial court erred when it denied the plaintiff's motion for new trial. The transcript and the briefing in *Meyer* are publicly available. Those documents show a fight about preservation. First, both sides moved for judgment, with each side thinking that the trial court might have been able to reconcile the findings and render a judgment. The trial court ruled for the defendant. Second, as the aggrieved party, the plaintiff asserted the conflict by moving for a new trial. In support, the plaintiff asserted error in the court's failure to recognize the conflict: "The Court erred in entering judgment on the jury's verdict herein because the answer given by the jury in response to Special Issue No. 1 is in conflict with each of the answers given by the jury in response to Special Issues Nos. 3 and 4." (Tr. at 127.) The court overruled the motion. Third, on appeal, the plaintiff asserted in the briefing that denial of the new trial motion was error "because the jury's answers to Special Issues 1 and 2 were in irreconcilable conflict with their answers to Special Issues 3 and 4 and thereby destroyed the verdict[.]"

In that regard, the twin concerns mentioned earlier—*i.e.*, the right to jury trial and the empirical lesson that conflicts can long go unnoticed or at least unappreciated as fatal—cause me to see wisdom in the Fifth Circuit position. Amending Rule 324 accordingly could be worth studying.


David Gunn<br>
Justice

Panel consists of Chief Justice Adams and Justices Gunn and Johnson.

Justice Gunn, concurring.

---

(Br. of Appellant at 3.) The defendant fought back in its brief, claiming a preservation problem, namely that the plaintiff went beyond the new trial motion by smuggling in a reference to Special Issue 2, which had not been addressed in the motion. The Dallas court reached the merits and rephrased the complaint as whether the conflict precluded a judgment: "The controlling question presented in appellant's sole point of error is whether or not the answers of the jury to the special issues are in such irreconcilable conflict that the judgment entered on the verdict must be reversed for a new trial." *Meyer v. Union Mut. Life Ins. Co.*, 483 S.W.2d 7, 8 (Tex. Civ. App.—Dallas 1972). The supreme court affirmed. 502 S.W.2d 676. *Meyer* fits with the Fifth Circuit approach, where a new trial motion preserves the point.